RECEIPT # 59661
AMOUNT $ 150
SUMMONS ISSUED Y-3
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY CLK
DATE 10-27-04

United States District Court
District of Massachusetts

FILED
2004 OCT 27 P 1:32
U.S. DISTRICT COURT
DISTRICT OF MASS.

Eric J. Conn,

    *Plaintiff pro se*,

v.

David Pogorelc,
Core Investments, Inc., and
David Morton,

    *Defendants*.

Case No. _____

04-12266 JLT

MAGISTRATE JUDGE Alexander

## Complaint

Plaintiff Eric J. Conn, appearing *pro se*, alleges as follows, upon information and belief:

### Nature of the Action

1. Eric Conn lived in an apartment building as a rental tenant. David Pogorelc, through his company Core Investments, purchased the apartment building and converted it into a condominium. Conn had a legal right of first refusal to buy his unit in the condominium. Defendants conspired to fraudulently induce Conn to waive his right of first refusal, causing Conn to suffer damages.

2. Defendants have committed common law fraud and violated Massachusetts consumer protection statutes. Conn brings this action to recover damages suffered as a result of their scheme.

## The Parties

3. Plaintiff Eric J. Conn ("Conn") is a citizen of the District of Columbia and resides at 1904 Kalorama Place, N.W., #49, Washington, D.C.

4. Defendant David Pogorelc ("Pogorelc") is a citizen of Massachusetts and resides at 119 Marlborough Street, Boston, Massachusetts.

5. Defendant Core Investments, Inc. ("Core Investments"), is a Massachusetts corporation with its principle place of business at 100 South Street, Boston, Massachusetts. Core Investments, Inc., is solely owned and controlled by Pogorelc.

6. Defendant David Morton ("Morton") is a citizen of Massachusetts and resides at 20 Gannett Road, Scituate, Massachusetts. Morton is a former employee of Core Investments, Inc.

## Jurisdiction and Venue

7. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332. The parties are citizens of different states, and the amount in controversy exceeds $75,000.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a).

## Factual Allegations

9. In 2002, Core Investments purchased a building at 127 Beacon Street in Boston (the "Building").

10. Subsequently, Core Investments converted the Building into a condominium.

11. At the time, Conn was the tenant in Unit 3F of the Building.

12. Under those circumstances, Conn had a legal right of first refusal on the sale of Unit 3F as an individual condominium unit.

13. When Conn learned that Core Investments planned to sell the individual units in the Building, he immediately expressed interest in exercising his right of first refusal to purchase Unit 3F.

14. Conn was advised by Morton, who was acting as Pogorelc's and Core Investment's agent, that the sale price for Unit 3F had been bid up to $375,000 and was climbing. Conn relied on that statement in determining not to attempt to purchase Unit 3F because of the high price.

15. Morton's statement, however, was false. Morton knew it to be false when he made it.

16. Morton and Pogorelc intended that the statement would cause Conn to abandon his right of first refusal.

17. Morton made the false representation about the $375,000 bid at the instruction of Core Investments and/or Pogorelc.

18. Conn eventually purchased a less valuable unit in the Building.

19. In June 2003, when Conn attempted to sell the unit he bought, he learned through his realtor's market study that Unit 3F did not sell for at least $375,000.

20. Unit 3F was sold for only approximately $304,000.

21. The buyer of Unit 3F was Pogorelc's sister.

22. But for Morton's false representations, orchestrated by Pogorelc and Core Investments, Conn would have exercised his right of first refusal and bought Unit 3F for $304,000.

23. In December 2003, Conn sold his unit and moved to Washington, D.C. If he had instead sold Unit 3F at that time, Conn would have made a profit of at least $150,000.

24. The fraud perpetrated by Pogorlec and Core Investments cost Conn at least $150,000.

### Count I -- Fraud

25. The allegations above are incorporated into this count by reference.

26. Morton falsely represented to Conn that Unit 3F had been bid up to at least $375,000.

27. The price to which Unit 3F had been bid up was a material fact.

4

28. Morton knew the representation was false when he made it.

29. Morton made the representation with the intent to cause Conn to abandon his right of first refusal.

30. When he took these actions, Morton was acting in the course of his employment as an agent of Core Investments and Pogorlec. Morton was also acting on instruction of Core Investments and/or Pogorlec.

31. Conn relied on Morton's statements to his detriment.

## Count II – Massachusetts Consumer Protection Act

32. The allegations above are incorporated into this count by reference.

33. Defendants engaged in deceptive acts in the conduct of trade and commerce that reasonably caused Conn to act differently from how he otherwise would have acted.

34. Defendants' actions also violated the statute that provided Conn with a legal right of first refusal with respect to Unit 3F.

35. On or about September 9, 2004, Conn sent his Section 9(3) written demand of relief by FedEx to Michael W. Merrill of the law firm Merrill & McGreary, counsel to Core Investments and Pogorelc.

## Court III – Negligent Misrepresentation

36. The allegations above are incorporated into this count by reference.

37. Morton, acting on the instruction of Pogorelc and/or Core Investments, made a false statement to Conn by telling him that Unit 3F had been bid up to at least $375,000.

38. Conn relied on the false statements in deciding not to purchase Unit 3F because of the high price.

39. Conn relied on the false statements to his detriment.

### Count IV – Civil Conspiracy

36. The allegations above are incorporated into this count by reference.

37. Defendants conspired with one another to do an illegal act – specifically, to fraudulently induce Conn to waive his right of first refusal.

38. Morton made this act come about by falsely telling Conn that Unit 3F had been bid up to at least $375,000.

### Request for Relief

WHEREFORE Conn requests the following relief:

A. For Count I, compensatory damages of no less than $150,000, and punitive damages;

B. For Count II, actual damages of no less than $150,000, plus treble damages provided by statute, for a total of no less than $450,000, plus attorneys' fees and costs;

C. For Count III, compensatory damages of no less than $150,000;

    D.    For Count IV, compensatory damages of no less than $150,000, and punitive damages; and

    E.    An award of costs and any other relief that the Court shall deem just and proper.

## Jury Demand

Conn exercises his right to a trial by jury.

Respectfully submitted,

_____
Eric J. Conn
1904 Kalorama Place, N.W. #49
Washington, D.C. 20009
(202) 756-8248

*Plaintiff Pro Se*