UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ERIC J. CONN,<br><br>    Plaintiff pro se,<br><br>v.<br><br>DAVID POGORELC, CORE INVESTMENTS, INC. AND DAVID MORTON,<br><br>    Defendants. | CIVIL ACTION NO: 04-12266 JLT |

## ANSWER

Defendants, David Pogorelc, Core Investments, Inc. and David Morton ("Pogorelc", "Core" and "Morton", collectively "Defendants"), by and through their undersigned counsel, hereby respond to the Complaint of Plaintiff *pro se*, Eric J. Conn ("Conn"), in accordance with his numbered paragraphs as follows:

### Nature of Action

1. As the first sentence herein lacks any specificity or identifying information and is otherwise too vague, the Defendants are without knowledge. (As used herein, the phrase "without knowledge" shall mean that the Defendants are without sufficient knowledge or information necessary to form a belief as to the truth of the allegation, and the Defendants therefore deny same.) The second sentence herein is denied. As to the third and fourth sentences herein, there is no answer required. (As used herein, the phrase "no answer required" shall mean that the allegation or paragraph contains conclusions of law and/or prayers for relief, and not averments of fact, as to which an admission or denial is required.)

2. No answer required.

1113239v1

## The Parties

3.    Without knowledge.

4.    It is admitted that Pogorelc is a citizen of Massachusetts, however the remainder of this paragraph is denied.

5.    Admitted.

6.    Admitted.

## Jurisdiction and Venue

7.    No answer required.

8.    No answer required.

9.    Denied.

10.   Denied.

11.   As this paragraph is based on Conn's allegations in paragraphs 9 and 10, it is denied. Defendants admit, however, that Conn purportedly lived in the building, in some capacity, at time of purchase.

12.   No answer required.

13.   There is no answer required as to Conn's premise or inference that he had a "right of first refusal". The remainder of this paragraph is denied.

14.   Denied.

15.   It is denied that Morton made any such statement or representation, and so the remainder of this paragraph is likewise denied.

16.   There is no answer required as to Conn's premise or inference that he had a "right of first refusal". The remainder of this paragraph is denied.

1113239v1

17. It is denied that Morton made any such statement or representation, and so the remainder of this paragraph is likewise denied.

18. Denied.

19. Without knowledge.

20. Admitted.

21. Admitted.

22. As to the premise that Conn had a "right of first refusal", and therefore could have purchased Unit 3F as alleged, there is no answer required. The remainder of this paragraph is denied.

23. Without knowledge.

24. No answer required.

### Count I – Fraud

25. The Defendants hereby reallege and incorporate by reference their responses to paragraphs 1 through 24 above.

26. Denied.

27. Denied.

28. It is denied that Morton made any such statement or representation, and so the remainder of this paragraph is likewise denied.

29. It is denied that Morton made any such statement or representation, and so the remainder of this paragraph is likewise denied.

30. It is denied that Morton made any such statement or representation, and so the remainder of this paragraph is likewise denied.

31. Denied.

1113239v1

## Count II – Massachusetts Consumer Protection Act

32. The Defendants hereby reallege and incorporate by reference their responses to paragraphs 1 through 31 above.

33. Denied.

34. No answer required.

35. As this paragraph purports to characterize the terms of a document, the Defendants refer this Court to the document itself and not to Conn's characterization of it. The Defendants expressly deny any characterization of Conn's purported written demand, inconsistent with the terms contained in it. Further answering, the Defendants deny that the so-called demand satisfies the requirements of Section 9 of G.L. c. 93A, and they deny that it was ever properly served on them, or that it was ever served at all on Morton.

## Count III – Negligent Misrepresentation

36. The Defendants hereby reallege and incorporate by reference their responses to paragraphs 1 through 35 above.

37. Denied.

38. It is denied that Morton made any such statement or representation, and so the remainder of this paragraph is likewise denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Conn has failed to state a claim upon which relief may be granted.

### Second Affirmative Defense

Conn's claims are barred by the applicable statutes of limitation.

1113239v1

### Third Affirmative Defense

Conn's claims are barred due to the non-occurrence of a condition precedent.

### Fourth Affirmative Defense

Conn's claims against the Defendants fail as the legal theories and documentation upon which he relies have been released and/or waived.

### Fifth Affirmative Defense

Conn's claims are barred due to a lack of mutuality of obligation.

### Sixth Affirmative Defense

Conn's claims are barred by the waiver and election of remedies doctrines.

### Seventh Affirmative Defense

Conn's claims are barred by the doctrine of frustration of purpose.

### Eighth Affirmative Defense

Conn's damage, if any, was caused in whole or in part by his own acts or omissions or by those of non-parties over which Defendants had no control.

### Ninth Affirmative Defense

Conn's claims are barred by his failure to adequately mitigate damage. Conn's damage must be reduced thereby in an amount to be determined.

### Tenth Affirmative Defense

Conn's claims are barred by the doctrine of laches.

### Eleventh Affirmative Defense

Conn's claims are barred by his own unclean hands.

### Twelfth Affirmative Defense

Conn's claims are barred by the doctrine of equitable estoppel.

1113239v1

### Thirteenth Affirmative Defense

Conn's claims against the Defendants are barred by reason of accord and satisfaction.

### Fourteenth Affirmative Defense

Conn has initiated this suit to accomplish an ulterior purpose for which our legal system was not intended and has, otherwise, committed an abuse of process.

### Fifteenth Affirmative Defense

Conn's claims based in fraud and misrepresentation must be dismissed due to his failure to plead with particularity as required by F.R.Civ.P. 9(b).

### Sixteenth Affirmative Defense

Conn's Complaint is frivolous, and not advanced in good faith within the meaning of General Laws, Chapter 231 § 6F, and must therefore be dismissed.

### Seventeenth Affirmative Defense

Conn's claim under General Laws, Chapter 93A must be dismissed for his failure to comply with the statutory prerequisites and procedures therein.

### Eighteenth Affirmative Defense

Conn's claims fail, as a matter of law, because he never had a right of first refusal.

DAVID POGORELC, CORE
INVESTMENTS, INC. AND DAVID MORTON,

By their attorneys,

*/s/ Douglas B. Otto*

Douglas B. Otto (BBO# 555269)
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210
(617) 737-8873

## CERTIFICATE OF SERVICE

I, Douglas B. Otto, do hereby certify that on this 2nd day of December, 2004, I have served the within Answer by first class mail, postage prepaid, to Plaintiff *pro se* as follows:

Eric J. Conn, *Pro Se*
1904 Kalorama Place, N.W. #49
Washington, DC 20009
(202) 756-8248

_____
Douglas B. Otto

Dated: 12/2/04