United States District Court
District of Massachusetts

| | |
|---|---|
| Eric J. Conn,<br>                *Plaintiff pro se*,<br><br>    v.<br><br>David Pogorelc,<br>Core Investments, Inc., and<br>David Morton,<br>                *Defendants*. | Case No.   04-12266 JLT |

## Amended Complaint

Plaintiff Eric J. Conn, appearing *pro se*, alleges as follows, upon information and belief:

### Nature of the Action

1.  Eric Conn lived in an apartment building as a rental tenant. David Pogorelc, through his company Core Investments, Inc., purchased the apartment building and converted it into a condominium. Pursuant to Massachusetts Statute 1983 Chapter 527, Section 4, and Chapter 8 of the Ordinances of 1999 of the City of Boston, Conn had a legal right of first refusal to buy the unit in the condominium in which he was living as a rental tenant. Defendants conspired to fraudulently induce Conn to waive his right of first refusal, thereby violating Conn's right of first refusal and causing Conn to suffer damages.

2. Defendants are responsible for common law fraud, conspiracy, negligent misrepresentation, violation of Massachusetts consumer protection statutes, and violation of Conn's statutory right of first refusal. Conn brings this action to recover damages suffered as a result of their scheme.

### The Parties

3. Plaintiff Eric J. Conn ("Conn") is a citizen of the District of Columbia and resides at 1904 Kalorama Place, N.W., #49, Washington, D.C.

4. Defendant David Pogorelc ("Pogorelc") is a citizen of Massachusetts and resides in Boston, Massachusetts.

5. Defendant Core Investments, Inc. ("Core Investments"), is a Massachusetts corporation with its principle place of business at 100 South Street, Boston, Massachusetts. Core Investments, Inc., is wholly owned and controlled by Pogorelc.

6. Defendant David Morton ("Morton") is a citizen of Massachusetts and resides at 20 Gannett Road, Scituate, Massachusetts. Morton is a former employee of Core Investments, Inc.

### Jurisdiction and Venue

7. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332. The parties are citizens of different states, and the amount in controversy exceeds $75,000.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a).

**Factual Allegations**

9. In 2002, Core Investments purchased a building at 127 Beacon Street in Boston, Massachusetts (the "Building").

10. Subsequently, Core Investments converted the Building into a condominium.

11. At the time, Conn was the rental tenant in Unit 3F of the Building.

12. Under those circumstances, Conn had a legal right of first refusal on the sale of Unit 3F as an individual condominium unit.

13. When Conn learned that Core Investments planned to sell the individual units in the Building, he immediately expressed interest in exercising his right of first refusal to purchase Unit 3F.

14. Conn was advised by Morton, who was acting as Pogorelc's and Core Investment's agent, that the sale price for Unit 3F had been bid up to $375,000 and was climbing. Conn relied on that statement in determining not to attempt to purchase Unit 3F because of the high price.

15. Morton's statement, however, was false. Morton knew it to be false when he made it.

16. Morton and Pogorelc intended that the statement would cause Conn to abandon his right of first refusal.

17. Morton made the false representation about the $375,000 bid at the instruction of Core Investments and/or Pogorelc.

18. Conn eventually purchased Unit 4F, a less valuable unit in the Building.

19. Conn moved into Unit 4F, incurring moving expenses greater than $750.

20. In June 2003, when Conn attempted to sell the unit he bought, he learned through his realtor's market study that Unit 3F did not sell for at least $375,000.

21. Unit 3F was sold for only approximately $304,000.

22. The buyer of Unit 3F was Pogorelc's sister.

23. But for Morton's false representations, orchestrated by Morton, Pogorelc, and Core Investments, Conn would have exercised his right of first refusal and bought Unit 3F for $304,000.

24. In the fall of 2003, Conn sold his unit and moved to Washington, D.C. If he had instead sold Unit 3F at that time, Conn would have made a profit of at least $150,000.

25. The fraud perpetrated by Morton, Pogorlec and Core Investments cost Conn at least $150,000.

### Count I – Fraud

### (Against All Defendants)

26. The allegations above are incorporated into this count by reference.

27. Morton falsely represented to Conn that Unit 3F had been bid up to at least $375,000.

28. The price to which Unit 3F had been bid up was a material fact.

29. Morton knew the representation was false when he made it.

30. Morton made the representation with the intent to cause Conn to abandon his right of first refusal.

31. When he took these actions, Morton was acting in the course of his employment as an agent of Core Investments and Pogorlec. Morton was also acting on instruction of Core Investments and/or Pogorlec.

32. Conn relied on Morton's statements to his detriment.

## Count II – Massachusetts Consumer Protection Act

### (Against All Defendants)

33. The allegations above are incorporated into this count by reference.

34. Defendants engaged in deceptive acts in the conduct of trade and commerce that reasonably caused Conn to act differently from how he otherwise would have acted.

35. Defendants' actions also violated the statute that provided Conn with a legal right of first refusal with respect to Unit 3F and a right to relocation expenses.

36. On or about September 9, 2004, Conn sent his Section 9(3) written demand of relief by FedEx to Michael W. Merrill of the law firm Merrill & McGreary, counsel to Core Investments and Pogorelc.

### Court III – Negligent Misrepresentation

### (Against All Defendants)

37. The allegations above are incorporated into this count by reference.

38. Morton, acting on the instruction of Pogorelc and/or Core Investments, made false statements to Conn by telling him that Unit 3F had been bid up to at least $375,000.

39. Conn relied on the false statements in deciding not to purchase Unit 3F because of the high price.

40. Conn relied on the false statements to his detriment.

### Count IV – Civil Conspiracy

### (Against All Defendants)

41. The allegations above are incorporated into this count by reference.

42. Defendants conspired with one another to do an illegal act – specifically, to fraudulently induce Conn to waive his right of first refusal.

43. Morton made this act come about by falsely telling Conn that Unit 3F had been bid up to at least $375,000.

## Count V – Violation of Right of First Refusal

### (Against Pogorelc and Core Investments)

44. The allegations above are incorporated into this count by reference.

45. Pursuant to Massachusetts Statute 1983 Chapter 527, Section 4, Conn had a right of first refusal with respect to Unit 3F.

46. Pursuant to Chapter 8 of the Ordinances of 1999 of the City of Boston, Conn had a right of first refusal with respect to Unit 3F.

47. Conn was entitled to purchase Unit 3F on terms essentially the same as or more favorable than the terms under which Pogorelc and/or Core Investments sold Unit 3F to the eventually buyer of Unit 3F, Pogorelc's sister.

48. By denying Conn his right of first refusal, Pogorelc and/or Core Investments caused Conn to suffer damages.

## Count VI – Failure to Pay Relocation Expenses

### (Against Porgorelc and Core Investments)

49. The allegations above are incorporated into this count by reference.

50. Pursuant to Massachusetts Statute 1983 Chapter 527, Section 4, Conn had a statutory right to be paid relocation expenses by Pogorelc and/or Core Investments when he moved out of Unit 3F, not to exceed $750.

51. Pursuant to Chapter 8 of the Ordinances of 1999 of the City of Boston, Conn had a statutory right to be paid relocation expenses by Pogorelc and/or Core Investments when he moved out of Unit 3F, not to exceed $1500.

52. Pogorelc and/or Core Investments failed to pay Conn's relocation expenses.

**Request for Relief**

WHEREFORE Conn requests the following relief:

A. For Count I, from all Defendants, compensatory damages of no less than $150,000, and punitive damages;

B. For Count II, from all Defendants, actual damages of no less than $151,500, plus treble damages provided by statute, for a total of no less than $454,500, plus attorneys' fees and costs;

C. For Count III, from all Defendants, compensatory damages of no less than $150,000;

D. For Count IV, from all Defendants, compensatory damages of no less than $150,000, and punitive damages;

F. For Count V, from Defendants Pogorelc and Core Investments, compensatory damages of no less than $150,000;

G. For Count VI, from Defendants Pogorelc and Core Investments, compensatory damages of no less than $1500; and

    H.    An award of costs and any other relief that the Court shall deem just and proper.

## Jury Demand

Conn exercises his right to a trial by jury.

Respectfully submitted,

Eric J. Conn
1904 Kalorama Place, N.W. #49
Washington, D.C. 20009
(202) 756-8248

*Plaintiff Pro Se*